UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WALTER EDWARD HARRINGTON,

      Petitioner,                                   Case No. 1:09-cv-122

v                                                                 HON. JANET T. NEFF

KENNETH McKEE,

      Respondent.

_____/


**<u>OPINION</u>**

      This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 involving Petitioner's conviction of criminal sexual conduct.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition as without merit.  The matter is presently before the Court on Petitioner's objections to the Report and Recommendation.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Final Order.  *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

      Petitioner argues that the Magistrate Judge erred in the following analysis or findings: (1) that the alleged illegality of Petitioner's arrest is irrelevant in determining the admissibility of his taped confession (Pet'r Obj., Dkt 53 at 3-4; R & R, Dkt 48 at 14); (2) that Petitioner has failed to demonstrate that his confession was coerced (Pet'r Obj., Dkt 53 at 4-5; R & R, Dkt 48 at 15); (3)

that Petitioner has failed to offer any evidence that Trooper Kaiser lied about Petitioner's taped confession (Pet'r Obj., Dkt 53 at 5-6; R & R, Dkt 48 at 17); (4) that the Magistrate Judge improperly weighed evidence (Pet'r Obj., Dkt 53 at 6); (5) that Petitioner failed to show prejudice to his defense due to the allegedly deficient performance of his trial attorneys (Pet'r Obj., Dkt 53 at 7; R & R, Dkt 48 at 23-24) (6) that due to the lack of merit of Petitioner's claims against trial counsel, his claim against appellate counsel also lacks merit (Pet'r Obj., Dkt 53 at 8; R & R, Dkt 48 at 25); and (7) that the trial court's exclusion of testimony related to Pete Brown was harmless (Pet'r Obj., Dkt 53 at 9-13; R & R, Dkt 48 at 27).  Petitioner for the first time in federal proceedings asks for an evidentiary hearing (Pet'r Obj., Dkt 53 at 3, 5, 7, 10, 14).  Petitioner also raises again his assertion that there was inadequate evidence to support his conviction (Pet'r Obj., Dkt 53 at 12-13).

## I.  Prosecutorial Misconduct

Petitioner first argues that because Respondent has never responded to his "Affidavit of Truth (Proof of Innocence)" (Dkt 53-2)—which alleges, *inter alia*, that both Trooper Kaiser and the Prosecutor committed perjury—the statements made in the Affidavit have been admitted as true under FED. RULE CIV. P. 8(b) (Pet'r Obj., Dkt 53 at 3).  Petitioner misreads Rule 8(b)(6) to mean that lack of response to any allegation means that the allegation is admitted (*id.*).  The Rule states, however, that allegations are admitted only when a responsive pleading is required.  FED. RULE CIV. P. 8(b)(6).  An affidavit does not require a responsive pleading, and therefore this argument is without merit, and none of the assertions in the affidavit are deemed admitted.

### A.  Relevance of Alleged Illegal Arrest

Next, Petitioner argues that his warrantless arrest lacked probable cause and thus his conviction should be overturned (Pet'r Obj., Dkt 53 at 3).  Petitioner mistakenly relies on *Overton*

*v. Ohio*, 534 U.S. 982 (2001), a statement of Justice Breyer concerning the denial of certiorari in that case in reaching this conclusion (Pet'r Obj., Dkt 53 at 3-4).  That statement, however, is not an opinion of the Supreme Court and has no precedential value.  Contrary to Petitioner's position, an illegal arrest does not void a subsequent conviction (R & R, Dkt 48 at 14).  *Gerstein v. Pugh*, 420 U.S. 103, 118-19 (1975).  Nor can an illegal arrest serve to bar prosecution or offer a defense to conviction (R & R, Dkt 48 at 14).  *United States v. Crews*, 445 U.S. 463, 474 (1980).  The Magistrate Judge noted that there is little doubt that Petitioner's arrest was legal, and correctly concluded that even if the arrest was illegal, the illegality would not void Petitioner's subsequent conviction (R & R, Dkt 48 at 14).  Petitioner's objection is without merit and is denied.

## B.    Alleged Coercion of Petitioner's Confession

Petitioner reiterates his argument that his taped confession to Trooper Kaiser was coerced (Pet'r Obj., Dkt 53 at 4-5).  The voluntary nature of a confession is determined by a totality of the circumstances analysis (R & R, Dkt 48 at 15).  *United States v. Williams,* 612 F.3d 417, 420-22 (6th Cir. 2010).  Looking to the record, the Magistrate Judge correctly concludes that the totality of the circumstances indicate a confession that was free of any coercion (R & R, Dkt 48 at 15). Petitioner's objection is without merit and is denied.

## C.    Alleged Due Process Violation Due to Prosecutorial Misconduct

Petitioner next reiterates his argument that Trooper Kaiser lied about the circumstances of Petitioner's taped confession and that the prosecutor knowingly used Kaiser's perjured testimony to convict Petitioner, violating his right to due process  (Pet'r Obj., Dkt 53 at 5-6).  To succeed in this argument, Petitioner must demonstrate that (1) the statement made was false; (2) the statement was material; and (3) the prosecutor knew the statement was false.  *Brooks v. Tennessee*, 626 F.3d

878, 894-95 (6th Cir. 2010). The only evidence Petitioner has offered in support of this argument is alleged inconsistencies between Trooper Kaiser's testimony at a preliminary examination and his testimony at trial (Pet'r Obj., Dkt 53 at 5-6). The Magistrate Judge correctly noted, to the contrary, that Trooper Kaiser's testimony at the preliminary examination is consistent with his testimony at trial (R & R, Dkt 48 at 17). Because there is no evidence that Trooper Kaiser's testimony was false, Petitioner has failed to meet the first prong of the test set out in *Brooks*. Therefore, Petitioner's argument is without merit. Accordingly, his objection is denied.

Petitioner further objects to the Magistrate Judge's finding that there was no prosecutorial misconduct, stating that such a finding would require the Magistrate Judge to "believe only the Prosecution's evidence, and discredit Defense evidence" (Pet'r Obj., Dkt 53 at 6). Petitioner argues that such a determination is improper, as it would require, in Petitioner's mind, that the Magistrate Judge weigh evidence and determine credibility (*id.*). The record, however, is devoid of any "Defense evidence" that would point to prosecutorial misconduct, and thus, there was no evidence for the Magistrate Judge to weigh. Petitioner's argument is without merit, and his objection is denied.

## II.    Ineffective Assistance of Counsel

### A.    Trial Counsel Lavender

Petitioner next objects to the Magistrate Judge's finding that trial counsel Lavender's lack of preparation for his *Walker* hearing did not prejudice his defense (Pet'r Obj., Dkt 53 at 7). To show ineffective assistance, Petitioner must show deficient performance and actual prejudice, meaning (1) that "'counsel's representation fell below an objective standard of reasonableness'" and (2) that but for counsel's errors, there is a reasonable probability the outcome of the trial would

be different. *Premo v. Moore*, ___ U.S. ___, 131 S. Ct. 733, 739 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). In support of his argument, Petitioner states as a conclusion that his statement to Trooper Kaiser would have been suppressed based upon what he believes trial counsel would have been able to prove at the *Walker* hearing had counsel been better prepared (*id.*). The Magistrate Judge, however, correctly pointed out that no evidence has ever been presented, nor has Petitioner pointed to any fact in the record, that would have resulted in Petitioner's statement being suppressed (R & R, Dkt 48 at 23). Because trial counsel's alleged lack of preparation at the *Walker* hearing could not reasonably have resulted in a different outcome at trial, Petitioner has failed to show actual prejudice and thus failed to show ineffective assistance of counsel. Therefore, Petitioner's argument is without merit, and his objection is denied.

### B.    Trial Counsel Smith

Petitioner subsequently objects to the Magistrate Judge's finding that Attorney Smith was not ineffective (Pet'r Obj., Dkt 53 at 8). Petitioner raises no new objection, but rather reiterates the arguments raised in his Amended Petition that Smith was "always . . . late and unable to talk with Petitioner" and that Smith allegedly failed to interview key witnesses (Am. Pet., Dkt 4 at 7). Even if these allegations are accepted as true, the Magistrate Judge correctly concluded that there is no evidence that the trial's outcome would be any different (R & R, Dkt  48 at 24). Accordingly, Petitioner's argument is without merit, and his objection is denied.

### C.    Appellate Counsel

Finally, Petitioner objects to the Magistrate Judge's finding that his claim of appellate ineffective assistance of counsel is without merit (Pet'r Obj., Dkt 53 at 8). Petitioner reiterates his argument that his appellate counsel should have raised the issue of ineffective assistance of trial

counsel (*id.*). The Magistrate Judge correctly concluded, and this Court agrees, that an ineffective assistance of counsel claim against Petitioner's trial counsel is without merit, and thus appellate counsel was not ineffective for not raising it (R & R, Dkt 43 at 25). Petitioner's argument is without merit, and his objection is denied.

### III.    Right to Present a Defense of Third Party Guilt

Petitioner also objects to the Magistrate Judge's finding that the trial court's exclusion of testimony related to Pete Brown was harmless (Pet'r Obj., Dkt 53 at 9-13). An error is harmless if it did not have a substantial and injurious effect or influence on the jury's verdict (R & R, Dkt 48 at 27). *Tolliver v. Sheets*, 594 F.3d 900, 923-24 (6th Cir. 2010). Here, the Magistrate Judge noted that there was evidence from the victim's testimony and from Petitioner's taped interview with Trooper Kaiser that established that Petitioner had sexual contact with the victim (R & R, Dkt 48 at 27). The Magistrate Judge correctly concluded that evidence of Pete Brown molesting the victim would not serve to exonerate Petitioner, but would rather demonstrate that the victim unfortunately had been molested by two men instead of one (*id.* at 28). Petitioner's argument is without merit, and his objection is denied.

### IV.  Evidentiary Hearing

Petitioner argues throughout his objection that the defects in the evidence cited above in denying him relief could be cured if this Court holds an evidentiary hearing (Pet'r Obj., Dkt 53 at 3, 5, 7, 10, 14). Parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Issues not raised in the petition to the Magistrate Judge are deemed waived. *Id.*; *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998). While Petitioner did request evidentiary hearings in state

court, he asks for one for the first time in federal court in his objection.  Because Petitioner did not raise this issue in his petition to the Magistrate Judge, it is deemed waived.

Even if the evidentiary hearing was not waived, Petitioner's argument that one is appropriate is without merit.  In *Schriro v. Landrigan*, the Supreme Court gave the following guidance to district courts:

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief [citation omitted] . . . .
>
> * * *
>
> *[I]f the record refutes the applicant's factual allegations* or otherwise precludes habeas relief, *a district court is not required to hold an evidentiary hearing*.

550 U.S. 465, 474 (2007) (emphasis added).  Further, a hearing is not required is if the petitioner's allegations are "'inherently incredible or conclusions rather than statements of fact.'"  *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).  Because all of Petitioner's allegations that would entitle him to relief are refuted by the record and are conclusory in nature, his argument that an evidentiary hearing is necessary is without merit.  Therefore, Petitioner's request for an evidentiary hearing is denied.

## V.    Sufficiency of the Evidence

In both his Memorandum of Law and Argument In Support of Petition for Habeas Corpus (Dkt 2 at 43-44) and his Objection (Dkt 53 at 12-13) Petitioner argues that there was insufficient evidence to support his conviction due to lack of proof of "sexual arousal or gratification," among other elements of the separate offenses.  Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, the

liberal construction afforded pro se complaints is not without limits. "A habeas petition must 'specify all the grounds for relief' and 'state the facts supporting each ground.'" *Hall v. Warden, Lebanon Corr'l Inst.,* 662 F.3d 745, 751 (6th Cir. 2011) (citing 28 U.S.C. § 2254, RULES GOVERNING § 2254 CASES, Rule 2(c).

Petitioner was given a form entitled "Petition under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody" by this Court. That form warned petitioner, "if you fail to set forth all the grounds [on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States] in this petition, you may be barred from presenting additional grounds at a later date" (Am. Pet., Dkt 4 at 5). Petitioner nonetheless stated only three claims: (1) prosecutorial misconduct (*id.* at 6), (2) ineffective assistance of counsel (*id.* at 7), and (3) denial of defense of third party guilt (*id.* at 9). Petitioner nowhere in his petition raises a claim of insufficient evidence. This issue is only briefly addressed in his Memorandum of Law (Pet'r Mem., Dkt 2 at 43-44). Petitioner's claim was not properly raised and is deemed waived.

Even if Petitioner's claim were properly before the Court, his argument is without merit. Evidence is sufficient to support a conviction if, viewed in the light most favorable to the prosecution, the Court can conclude that a rational trier of fact could have concluded beyond a reasonable doubt that the elements of the crime had been proved. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). In this context, the Court may not weigh evidence, evaluate the credibility of witnesses, or substitute its judgment for that of the jury. *See United States v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006). Under Michigan law, minimal circumstantial evidence is required in cases where an element of the crime involves the actor's state of mind. *People v. Nasir*, 662 N.W.2d 29, 33 (Mich. Ct. App. 2003). Further, MICH. COMP. LAWS § 750.520a(q) requires that the alleged sexual contact "can

reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner." Without weighing evidence or assessing witness credibility, the Michigan Court of Appeals determined that the evidence presented at trial met this standard (R. 5 Material, Dkt 35 at 10-11). The rejection of this claim by the Michigan Court of Appeals is neither contrary to, nor involves an unreasonable application of, clearly established federal law. Furthermore, it is not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, this claim raises no issue upon which habeas relief may be granted.

## VI. Appealability

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least,

9

that jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court

is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the

district court erred in dismissing the petition or that the petitioner should be allowed to proceed

further." *Slack,* 529 U.S. at 484.  Upon review, this Court finds that reasonable jurists would not

find the Court's procedural ruling debatable.  A certificate of appealability will therefore be denied.

 A Final Order will be entered consistent with this Opinion.


Date: January 24, 2012       /s/ Janet T. Neff     
            JANET T. NEFF
            United States District Judge